UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PORT OF OLYMPIA,<br><br>Plaintiff,<br><br>v.<br><br>M/V THE DREAM f/k/a EVERGREEN STATE and JONES GLOBAL INVESTMENT LLC,<br><br>Defendants. | IN ADMIRALTY<br><br>Case No. 3:20-cv-5789<br><br>VERIFIED COMPLAINT FOR BREACH OF MARITIME CONTRACT AND VESSEL ARREST |

COMES NOW, Plaintiff PORT OF OLYMPIA, by and through undersigned counsel, and files this Verified Complaint against Defendants Jones Global Investment LLC *in personam* (hereinafter "Jones Global") and M/V THE DREAM f/k/a EVERGREEN STATE, *in rem*, (hereinafter "the Vessel"). Plaintiff alleges and pleads as follows:

## I. **JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333. This action is brought under the provisions of Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules"). This case is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime contract and for enforcement of a maritime lien.

VERIFIED COMPLAINT: CASE NO. 3:20-cv-5789- 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

2. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because the M/V THE DREAM is located in the judicial district in Olympia, Washington.

## II. THE PARTIES

3. At all times material hereto, Plaintiff Port of Olympia (the "Port" or "Plaintiff") was and is a Washington Port District operating under RCW Title 53.

4. At all times material hereto, Defendant Jones Global was a foreign corporation doing business within the District. Defendant Jones Global is the registered owner of the M/V THE DREAM (fka EVERGREEN STATE).

5. At all times material hereto, Defendant M/V THE DREAM (fka EVERGREEN STATE) (hereinafter the "Vessel") is a 4113 gross ton (ITC), 296.7' passenger ferry, built in 1954, with IMO No. 8836132, Official No. 268732. The Vessel is now within the District, moored at the Port, and is subject to the jurisdiction and venue of this Court.

## III. FACTS

6. On or about April 9, 2018, Centerpoint Marine Services, LLC, acting at all times as the authorized agent for owner Jones Global and the Vessel, entered into a layberth agreement with the Port (the "Layberth Agreement"). Pursuant to the Layberth Agreement, the Port agreed to provide moorage and dockage services to the Vessel through June 13, 2018, on specified terms.

7. Among its terms, the Layberth Agreement required Jones Global to maintain insurance on the Vessel, list the Port as an additional insured, and pay monthly moorage.

8. Through a series of extensions, the last of which is dated January 2, 2020, Jones Global and the Port agreed to continue providing moorage and dockage to the Vessel through April 30, 2020. Copies of the Layberth Agreement and Extensions are attached hereto as Exhibit A.

VERIFIED COMPLAINT: CASE NO.3:20-cv-5789- 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136699\256189\MJHE\28637441.1

9. Jones Global failed to pay moorage and dockage as required by the Layberth Agreement.

10. The Layberth Agreement provides that upon default for non-payment, or by function of the specified term ending, the Port's standard rates for moorage and related services apply, as set forth in the Port's Tariff No. 11. Thus, commencing upon the date of default and no later than April 30, 2020, Jones Global agreed to pay the Port's published Tariff rates for moorage and related services to the Vessel.

11. Jones Global has failed to pay moorage and dockage as required by the Layberth Agreement and Tariff No. 11.

12. The Port is informed by Jones Global, through its counsel, that the Vessel is no longer insured as required by the Layberth Agreement and the Port's published Tariff No. 11.

13. As of July 31, 2020, Jones Global owes the Port $66,150.43 for moorage and dockage services provided to the Vessel.

14. The Vessel remains moored at the Port, uninsured, and is continuing to accrue moorage and dockage fees at the Tariff rates.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT JONES GLOBAL FOR BREACH OF MARITIME CONTRACT**

15. The Port repeats and realleges paragraphs 1-14 of this Verified Complaint as if fully set forth herein.

16. Both the Layberth Agreement and the Port's Tariff No. 11 constitute maritime contracts, pursuant to which Jones Global agreed to pay the Port for moorage and dockage services provided to the Vessel and to obtain and maintain insurance on the Vessel.

17. Jones Global breached the Layberth Agreement and Tariff No. 11 by failing to pay the Port for moorage and dockage services provided to the Vessel, and by failing to maintain insurance on the Vessel.

VERIFIED COMPLAINT: CASE NO.3:20-cv-5789- 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136699\256189\MJHE\28637441.1

## IV. REQUEST FOR RULE C ARREST AND ISSUANCE OF WARRANT OF ARREST

18. The Port restates and re-alleges paragraphs 1-17 of this Verified Complaint and for its *in rem* claims against the Vessel avers as follows.

19. The Port has a maritime lien against the Vessel for necessaries pursuant to 46 U.S.C. § 31342. *Cahuenga Associates II v. S/V MAKO*, 256 F. Supp. 3d 1092, 1094 (S.D. Cal. 2017) (unpaid wharfage is proper basis for maritime necessaries lien); *Canton Port Svs., LLC v. M/V SNOW BIRD*, 690 F. Supp. 2d 405 (D. Md. 2010) (docking services are necessaries under the Federal Maritime Lien Act); *Beard v. Marine Lighterage Corp.*, 296 F. 146, 147 (E.D.N.Y. 1924) (wharfage includes mooring of vessels for the purposes of protection and safety, and a maritime lien attaches to the ship in a home port).

20. The Port is entitled to arrest the Vessel in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims to recover amounts owed against the Vessel, *in rem*.

21. The Port seeks to arrest the M/V THE DREAM (fka EVERGREEN STATE), IMO No. 8836132, Official No. 268732, her engines, freights, apparel, appurtenances, tackle, etc. to enforce its maritime lien.

22. The Vessel is within the District, moored at the Port's Berth 2, 911 Franklin Street, NE, Olympia, WA 98501.

23. As the conditions of Rule C have been met, the Port seeks issuance of a Warrant of Arrest.

**WHEREFORE**, the Port prays as follows:

A. That the Court issue a warrant for the *in rem* arrest for the Vessel pursuant to Supplemental Rule C to enforce the Port's maritime lien and that all persons claiming an interest therein may be cited to appear and answer the matters stated in the complaint;

B. That judgment be entered in favor of the Port in the sum of **USD $66,150.43**

VERIFIED COMPLAINT: CASE NO. 3:20-cv-5789- 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136699\256189\MJHE\28637441.1

plus applicable interest, costs, and fees, and that the Vessel be condemned and sold to pay the same; and

  C. That the Port have such other and further relief as the Court may deem proper and just.

Dated this 6th day of August, 2020.

          SCHWABE, WILLIAMSON & WYATT, P.C.

        By: /s/ Molly J. Henry
           Alicia L. Lowe, WSBA #15562
           Email: alowe@schwabe.com
           Molly J. Henry, WSBA #40818
           Email: mhenry@schwabe.com
           1420 5th Avenue, Suite 3400
           Seattle, WA 98101-4010
           Facsimile: 206-292-0460
           *Attorneys for Plaintiff, Port of Olympia*

## VERIFICATION

Len Faucher declares as follows under the penalty of perjury of the laws of the United States:

  1. I am over the age of 18 and have personal knowledge of the matters set forth herein.

  2. I am the Marine Terminal Director for the Port of Olympia.

  3. I have read the foregoing Verified Complaint and the factual allegations contained therein are true and correct to the best of my knowledge, information and belief.

              _____
              Len Faucher
              Marine Terminal Director
              Port of Olympia

VERIFIED COMPLAINT: CASE NO. 3:20-cv-5789- 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136699\256189\MJHE\28637441.1