THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PORT OF OLYMPIA,<br><br>    Plaintiff,<br><br>    v.<br><br>M/V THE DREAM f/k/a EVERGREEN STATE and JONES GLOBAL INVESTMENT, LLC,<br><br>    Defendants. | CASE NO. C20-5789-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for an order of default, default judgment *in rem*, and order to sell the Vessel (Dkt. No. 11). Having thoroughly considered the briefing and the relevant record, the Court FINDS as follows:

1. The Court has admiralty jurisdiction over this action under 28 U.S.C. § 1333;

2. The Court has *in rem* jurisdiction over M/V THE DREAM (f/k/a EVERGREEN STATE) ("the Vessel") because the Vessel is located within the Western District of Washington, was arrested pursuant to maritime process, and the warrant was successfully served;

3. Plaintiff has complied with its notice and service requirements under LAR 125 and 130 by arresting the Vessel, (Dkt. No. 14), publishing notice of the arrest of the Vessel, (Dkt. No. 13, 13-3), and delivering notice of arrest to all known interested

parties, (Dkt. No. 13, 13-1, 13-4);

4. Under Supp. Adm. R. C(6)(a)(i)(A), more than 14 days have passed since the arrest and notice were published, and no person has filed a verified statement of right asserting any right of possession or ownership interest in the Vessel, (Dkt. No. 13 at 4);

5. The Vessel and all persons who may claim a right or interest in the Vessel, having failed to file an answer or statement of right or interest, are in default;

6. Plaintiff submitted declarations and documentation showing that it has a valid maritime lien against the Vessel under 46 U.S.C. § 31342 for wharfage in the amount of $88,914.12, (Dkt. Nos. 12, 12-1, 12-2);

7. The factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), weigh in favor of granting a default judgment; and

8. Plaintiff submitted evidence that it continues to accrue significant custodial fees associated with keeping the vessel. (Dkt. No. 12 at 4.) The expense of keeping the Vessel is excessive under Supp. Adm. R. E(9).

Accordingly, the Court GRANTS Plaintiff's motion for default judgment (Dkt. No. 11) and ORDERS:

1. Plaintiff is AWARDED judgment against the Vessel, her engines, and appurtenances, etc. in the amount of $88,914.12;

2. Plaintiff is entitled to recover *custodia legis* costs from the proceeds of the sale, to be presented by way of a cost bill filed following the sale of the Vessel when the *custodia legis* costs are set;

3. Plaintiff shall recover the amount of the judgment and its costs from the foreclosure of its maritime lien against the Vessel, which the Court orders be accomplished through a public sale to be conducted by the U.S. Marshal pursuant to LAR 145. The Marshal is authorized to conduct the sale virtually, via Zoom or another appropriate

virtual platform, in light of the ongoing COVID-19 pandemic; and

4. The Court shall retain jurisdiction of this action through the completion of the sale of the Vessel and any related proceedings.

DATED this 7th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE