THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PORT OF OLYMPIA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>M/V THE DREAM f/k/a EVERGREEN STATE and JONES GLOBAL INVESTMENT LLC,<br><br>　　　　　　　Defendants. | CASE NO. C20-5789-JCC<br><br>ORDER |

　　　This matter comes before the Court on the parties' stipulated motion to intervene and file a verified statement of interest and to release funds from the Court's registry (Dkt. No. 22). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

　　　In August 2020, Plaintiff the Port of Olympia ("the Port") filed a Verified Complaint seeking arrest of the M/V THE DREAM ("the Vessel") to satisfy its maritime lien for unpaid wharfage. (Dkt. No. 1.) The Port asked that the warrant be held in abeyance while the Port worked cooperatively with defendant Jones Global Investment LLC ("Jones Global"), the Vessel's registered owner at the time, to try and arrange a private sale. (Dkt. Nos. 2, 22 at 2.) Jones Global agreed that if the private sale fell through, it would not oppose the Port's efforts to seek an expedited sale through the Court. (Dkt. No. 22 at 2.) After the private sale was

unsuccessful, the U.S. Marshal arrested the Vessel at the Port and placed the Vessel into custody with the approved substitute custodian. (Dkt. Nos. 9, 10, 14.) Pursuant to the parties' agreement, Jones Global did not object to the arrest, to the Port's right to judgment on its maritime lien, or to the Port's request that the Vessel be sold to satisfy costs and the lien. (Dkt. No. 22 at 2–3.) The Court entered an order of default and default judgment of $88,914.12 in favor of the Port's *in rem* claim against the Vessel, directed that the Vessel be sold at public auction to satisfy the judgment, and granted the Port's request that it be entitled to recover *custodial legis* costs from the proceeds of the sale. (Dkt. No. 15.) Pursuant to the Court's order, the Vessel was sold at public auction in November 2020. (Dkt. No. 16.) The Vessel remained in the custody and care of the court-appointed Substitute Custodian until December 8, 2020, when the Marshal issued a bill of sale transferring ownership of the Vessel to the new owner. (Dkt. Nos. 22 at 3, 22-1.) The Marshal deposited proceeds from the sale of the Vessel totaling $288,689.35 into the Court's registry on December 11, 2020. (Dkt. No. 22 at 1.)

      Because the Vessel's sale price unexpectedly exceeded the amount of the Port's judgment, the Port and Jones Global now stipulate and move the Court to allow Jones Global to appear for the purpose of claiming an interest in residual proceeds from the sale of the Vessel. (*See generally* Dkt. No. 22.) The parties also ask the Court to direct the disbursement of the proceeds from the Court's registry according to the parties' stipulation. (*Id.*) The parties agree that the Port is entitled to a disbursement of funds in the amount of $204,750, representing satisfaction of its *custodial legis* costs of $65,835.88[1]; judgment of $88,914.12; and $50,000 as satisfaction of a private settlement of the Port's *in personam* claims against Jones Global. (*Id.* at 3–4.) Because no other party has appeared in the matter and asserted an interest in the Vessel or in the proceeds from the Vessel's sale, the parties agree that the remainder of the sales proceeds—$83,939.35—should be released to Jones Global as the prior owner of the vessel. (*Id.*)

---

[1] The amount of costs is supported by a Bill of Costs and the Declaration of Leonard Faucher. (Dkt. No. 24.)

ORDER
C20-5789-JCC
PAGE - 2

The Court GRANTS the parties' stipulated motion for leave for Jones Global to appear and claim an interest in the residual proceeds from the sale of the Vessel. Further, pursuant to Local Civil Rule 67(b), the Court ORDERS that the Clerk is authorized and directed to draw checks on the funds deposited in the registry of this Court in the principal amount of $288,689.35 plus all accrued interest, minus any statutory user fees, as follows:

1. The amount of $204,750, payable to the Port of Olympia, and delivered via mail as follows:

   Port of Olympia
   Accounts Receivable
   606 Columbia Street NW Suite 300
   Olympia, WA 98501-9001

2. The amount of $83,939.35, or whatever remains in the registry following disbursal of the $204,750 to the Port, payable to Jones Global Holdings LLC, and delivered via mail as follows:

   Jones Global Holdings LLC
   c/o Gregory S. Jones
   10871 Country Ostrich Drive
   Pensacola, Florida 32534

DATED this 15th day of January 2021.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE